IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CA No.: _____

| | |
|---|---|
| MOUNTAIN BEVERAGE LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CRAFT BREW ALLIANCE, INC.<br><br>*Defendant.* | COMPLAINT |

Plaintiff Mountain Beverage LLC ("Plaintiff"), by and through its attorneys, Searson, Jones, Gottschalk & Cash, PLLC, hereby alleges as follows:

## I. PARTIES

1. Plaintiff is a North Carolina limited liability company with its principal place of business located at 163 Boone Creek Drive, Boone, North Carolina 28607.

2. Defendant Craft Brew Alliance, Inc. ("Defendant") is a Washington corporation with its principal place of business located at 929 North Russell Street, Portland, Oregon 97227.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because Defendant did and continues to transact business within the State of North Carolina, said transactions having led to the causes of action complained hereinafter.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this district.

## III. FACTS

6. At all times hereinafter mentioned, Plaintiff was and still is a limited liability company organized and existing under the laws of North Carolina.

7. At all times hereinafter mentioned, Defendant, is, upon information and belief, a corporation organized and existing under the laws of the State of Washington, authorized by the North Carolina Secretary of State to do business in the State of North Carolina, and with a last known place of business located at 929 North Russell Street, Portland, Oregon 97227.

8. Plaintiff, as consultant, and Defendant, as beneficiary, entered into a written consulting agreement, dated as of May 4, 2023 (the "Agreement") for Plaintiff engaged to, inter alia, provide services pertaining to the trademark license, co-branding & collaboration agreement between Defendant and Bojangles Opco, LLC (hereinafter the "Bojangles Project") for a term commencing May 4, 2023 and expiring May 4, 2026 ("Expiration Date"), unless the Agreement is terminated at an earlier date as permitted therein.

9. Article 3 of the Agreement states Defendant shall pay Plaintiff annually for the services, invoiced to Defendant by Plaintiff in equal quarterly installments in arrears due no later than thirty (30) days receipt.

10. On September 18, 2024, Plaintiff delivered invoice number 88 in the sum of $50,00.00, due October 17, 2024, representing fees incurred from May 17, 2024 to August 17, 2024 ("Invoice #88").

11. Defendant failed to remit payment for Invoice #88 by October 17, 2024.

12. On September 18, 2024, Plaintiff delivered invoice number 89 in the sum of $16,650.00, due October 17, 2024, representing fees incurred from August 18, 2024 to September 17, 2024 ("Invoice #89", collectively, with Invoice #88, "Invoices").

13. Defendant failed to remit payment for Invoice #89 by October 17, 2024.

14. Plaintiff delivered to Defendant a notice to cure, dated as of January 16, 2025, pursuant to Article 8(d) of the Agreement (the "Notice to Cure").

15. The Notice to Cure advised Defendant of its failure to remit payment for the Invoices in the aggregate sum of $66,650.00 (the "Arrears").

16. The Notice to Cure demanded full payment of outstanding invoices within thirty (30) days of receipt of the Notice to Cure.

17. Defendant failed to timely and fully cure the defaults recited in the Notice to Cure.

18. Plaintiff delivered to Defendant a notice of termination, dated February 17, 2025, pursuant to Article 8(d) of the Agreement ("Notice of Termination"), terminating the Agreement, effective immediately, due to Defendant's failure to cure the defaults alleged in the Notice to Cure.

19. The Agreement was duly and lawfully terminated as effective February 17, 2025.

20. From September 18, 2024 (the closing date of Invoice 89) through February 17, 2025 (the effective termination date), Defendant continued to incur fees pursuant to the Agreement in the aggregate amount of $83,250.00 (the "Post-Invoice Charges").

21. As of the effective date of termination, February 17, 2025, Defendant owed Plaintiff a total of $149,900.00, representing the sum of the Invoices and the Post-Invoice Charges.

**AS AND FOR A FIRST
CAUSE OF ACTION AGAINST DEFENDANT**

22. Plaintiff repeats reiterates and re-alleges each and every allegation contained in paragraphs 1 through 19 above, as if fully set forth at length herein.

23. Defendant has defaulted in its monetary obligations under the Agreement.

24. As stated in the Notice to Cure, Defendant failed to pay the Invoices in the aggregate sum of $66,650.00.

25. Defendant failed to timely and fully cure the defaults recited in the Notice to Cure.

26. From September 18, 2024 (the closing date of Invoice 89) through February 17, 2025 (the effective termination date), Defendant continued to incur fees the Post-Invoice Charges in the aggregate amount of $83,250.00.

27. By reason of the foregoing, Defendant is liable to Plaintiff in the sum of $149,900.00, representing the Arrears, plus interest thereon from February 17, 2025.

**AS AND FOR A SECOND
CAUSE OF ACTION AGAINST DEFENDANT**

28. Plaintiff repeats reiterates and re-alleges each and every allegation contained in paragraphs 1 through 24 above, as if fully set forth at length herein.

29. The Agreement was duly terminated by Plaintiff effective February 17, 2025 by means of the Notice of Termination.

30. Article 8(d) of the Agreement states:

> Consultant may terminate this Agreement if CBA fails to make any payments due and does not cure such failure within thirty (30) days of written notice. In such event, CBA shall pay Consultant for services for the remainder of the Term.

31. Defendant's failure to cure the default within the contractual time frame triggered its obligation to pay all outstanding amounts due under the Agreement, including the balance for the remainder of the term.

32. The balance due for the remainder of the term of the Agreement is $333,350.00.

33. By reason of the foregoing, Defendant is liable to Plaintiff in the sum of $250,100.00, representing the balance of services for the remainder of the term of the Agreement, plus interest, thereon from February 17, 2025.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 30, above, as if fully set forth at length herein.

35. Article 7 of the Agreement states:

> Each party (the "Indemnifying Party") shall indemnify, defend and hold harmless the other party (the "Indemnified Party"), its parent, subsidiaries and affiliated entities, and their respective directors, officers, employees and agents, from and against any and all claims, liabilities, losses, damages, injuries, demands, actions, causes of action, suits, proceedings, judgments and expenses, including reasonable attorneys' fees, court costs and other legal expenses including, without limitation, those costs incurred at the trial and appellate levels and in any bankruptcy, reorganization, insolvency or other similar proceedings, and other legal expenses (collectively, "Claims") arising from or connected with: (i) any material breach by Indemnifying Party of any provision hereof or the material breach of any warranty or representation made by an Indemnifying Party herein;

36. By reason of Defendant's material breach of provisions of the Agreement, as evidenced by the Notice to Cure and the Notice of Termination, and the commencement of this action, Defendant is liable to Plaintiff for Plaintiff's reasonable attorneys' fees, court costs, and other legal expenses incurred in connection therewith, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

a) on the first cause of action against Defendant, in the sum of $149,900.00 plus interest thereon from February 17, 2025; and

b) on the second cause of action against Defendant, in the sum of $250,100.00 plus interest thereon from February 17, 2025; and

c) on the third cause of action against Defendant, for all costs, expenses, interest and attorneys' fees incurred in relation to this action, in an amount to be determined at trial; and

d) statutory costs, interest, and disbursements; and

e) such other and further relief as this Court may deem just and proper.

Dated: May 2, 2025

        Respectfully submitted,

        SEARSON, JONES, GOTTSCHALK & CASH, PLLC

        s/Tikkun A.S. Gottschalk
        Tikkun A.S. Gottschalk
        N.C. Bar No. 33945
        21 Battery Park Avenue, Suite 205
        Asheville, NC 28801
        Phone: 828-252-5555
        Fax: 828-252-9158
        Email: tikkun@lawyersasheville.com

        ANTON AMMAR PLLC

        s/Andrew C. Pistor
        Andrew C. Pistor
        *Pro hac vice pending*
        600 17th Street
        Suite 2800 South
        Denver, CO 80202
        Phone: 720-807-5011
        Email: Andy@AntonAmmar.com

        ATTORNEYS FOR PLAINTIFF